Tyler Smith, OSB# 075287
Tyler Smith & Associates P.C.
181 N. Grant St. STE 212
Canby, OR 97013
503-266-5590(p); 503-212-6392(f)
Tyler@RuralBusinessAttorneys.com

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **DANIEL RE**,<br><br>    Plaintiff,<br><br>v.<br><br>**STATE OF OREGON**, Governor **KATE BROWN**, Oregon Judicial Department, by and through **KINGSLEY W. CLICK**, as State Court Administrator<br><br>    Defendants. | Case No.: 6:15-cv-01097-TC<br><br>**COMPLAINT**<br><br>Declaratory Judgment; (42 U.S.C. § 1983 Violation of Civil Rights: Equal Protection; Free Association; Violation of Article 1 Section 20) and Attorney Fees (42 U.S.C. § 1988); |

Plaintiff alleges:

### I. Introduction

1.

Plaintiff Daniel Re is a citizen of the United States and resident of Oregon. Mr. Re is a registered voter and votes in nearly every election, including those elections which occur at the same time as elections for Judges, and for the Justices of the Oregon Supreme Court. This action arises under the Fourteenth Amendment to the United States Constitution.

### II. Statement of Jurisdiction and Venue

2.

Page 1 – FIRST AMENDED COMPLAINT

This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (constitutionally protected rights). This court has subject matter jurisdiction to hear claims made under 42 U.S.C. § 1983.

3.

Venue in this court is proper under 28 U.S.C. § 1391 (b) because this case consists of a challenge to the constitutionality of an Oregon Statute, the State of Oregon is a party and the capitol city is Salem Oregon.

4.

All, or substantially all of the events giving rise to the claim occurred in the Federal Judicial District of Oregon, Eugene Division.

### III. Parties

5.

Daniel Re is a citizen of the United States, resident of the state of Oregon and voter. Mr. Re is opposed to the continual expansion and budget deficiencies created by the PERS system and PERS benefit costs to the public. Mr. Re has an interest and a right to be able to run a candidate for election as a Judge of the Supreme Court who is not biased or otherwise a participant in the PERS system. Mr. Re has an interest and a right to have the opportunity to vote for someone who is not by operation of law, thrust into having an instantaneous financial interest in the PERS system the moment they take office, while at the same time not even having the ability to have other, non-interested judges hear matters Mr. Re or other may bring to the court relating to PERS benefits or the PERS system. Mr. Re is a member of the Oregon State Bar and accordingly an officer of the court who among other areas of the law practices estate planning. Mr. Re has an interest and a right to end discrimination in the selection of public

officials which undermines the legitimacy of the representative government process and the integrity the judicial process he is a part of.  Mr. Re has either been a party to, or litigated multiple cases where bias or potentially disqualifying memberships by judges has been litigated or at issue in the case.  Mr. Re has attempted to have pro tempore judges appointed in those matters to remove the potentially disqualifying membership and characteristic from the adjudicator of the matter and such request have been repeatedly refused, denied or ignored.  Mr. Re and other similarly situated residents of Oregon have been denied the right and opportunity to elect a Judge to adjudicate such matters who is free from the statutorily imposed personal financial interest in PERS matters.

6.

Defendants are the State of Oregon, and officials of the State of Oregon, at all times acting under color of law and in their official capacities, including Defendant Governor Brown as the State's Chief Executive Officer, and Kingsley Click, as the administrative head of the Oregon Judicial Department as State Court Administrator.  Each Defendant is believed to have a role in applying, or potentially defending the particular statute which is being challenged in this suit.

**IV. General Allegations**

7.

Oregon Revised Statute 238.505(1) (Or Laws 1983 Chapter 770 Section 3, "ORS 238.505" hereafter)) establishes by law that all Judges eligible for public employee retirement system benefits become members of Oregon Public Employee Retirement System ("PERS") upon being elected or appointed to office.  The Oregon Revised statute says,

> "(1) Except as provided in subsection (2) of this section, a person who is not a judge on December 31, 1983, and who is elected or appointed to the office of judge on or after January 1, 1984, shall become a judge member on the date the person takes the office. (2) A person who, by reason of the age at which becoming a judge, could not make contributions to the Public Employees Retirement Fund during each of five calendar years as a judge member at or before attaining the age of 75 years shall not become a judge member."

Or. Rev. Stat. 238.505.

8.

The Oregon Supreme Court, in the case of *Moro v. State*, 354 Or. 657, opinion filed January 16, 2014 held that because all judges who could potentially sit on the Oregon Supreme Court and issue a decision relating to a PERS matter, the rule of necessity applied and therefore Judges could not be disqualified based upon their having an economic interest in the PERS system. The Oregon Supreme Court stated,

> "because all judges who could decide these cases share the same potentially disqualifying economic interest, the rule of necessity applies. Accordingly, under Rule 3.10(B), the rule requiring disqualification when a judge has an interest or economic interest in the proceeding "does not apply". *Moro v. State*, 354 Or. at 672.

By operation of the law, ORS 238.505 creates a system whereby all persons who are elected or appointed to a position that could lawfully serve as a Supreme Court Judge or even a Pro Tem Supreme Court Judge would have the same potentially disqualifying personal economic interest in PERS matters. No person could be elected to the Oregon Supreme Court that does not

Page 4 – FIRST AMENDED COMPLAINT

then become instantaneously tainted with the stain of a potentially disqualifying characteristic in that they have an economic interest in the PERS system and are a member of that group.

9.

Plaintiff Daniel Re, and other voters similarly situated who are not PERS members are not given the full and fair opportunity to participate in the election of Judges, particularly Supreme Court Judges on an equal basis as PERS members.  Under that statute, elected judges will always be, and the voter is only given the option to elect, someone who is or will be a PERS Member.  Electors who are not PERS members cannot elect someone to the Supreme Court who will share their non-PERS member status.  PERS members and those financially benefiting from the PERS system are predisposed to favor that system that rewards them financially and gives them a financial benefit.  Because Supreme Court members cannot be disqualified on that ground, and cannot all recuse themselves because of the rule of necessity, there is therefore no way to test, measure or even determine whether the predisposition for bias effects the outcome of any PERS case, nor is there an option to elect someone who will not be forced into having what would otherwise be a potentially disqualifying personal financial interest in PERS cases.  There is no legitimate or compelling reason for this distinction.  Judges can have their own separate retirement system independent of the PERS system, and from approximately 1943 to 1983 did have their own independent retirement plan.  Thus other options are readily available that do not deny voters the option of electing someone who will not be a PERS member, and do not force or invoke the rule of necessity for judges to decide on PERS cases when they have a potentially disqualifying financial interest in the case.  Judges could be given the opportunity to opt-out of the PERS benefit system so they would not face the potentially disqualifying bias. Less burdensome alternatives are readily available such as an independent system.

Page 5 – FIRST AMENDED COMPLAINT

10.

ORS 238.505 denies Mr. Re and other voters similarly situated the opportunity to elect a public official who is not immediately placed in a position of potential bias and potential conflict of interest in relation to PERS matters.  Since ORS 238.505 dictates that all judges become PERS members, the statute eliminates voter's opportunity to elect someone without a financial interest in the PERS system.  Other voters, particularly those who are PERS members, in the same jurisdiction as Mr. Re do not suffer from the same infringement and diminishment of their voting rights because other votes can select someone who shares their economic interest in PERS, Mr. Re cannot select someone free from the potentially disqualifying interest in PERS.  All other voters are likewise prohibited from running a candidate or electing a candidate that is not subjected to, and instantly tainted with the potentially disqualifying characteristic imposed by ORS 238.505. This effect dilutes the effectiveness of the votes of Mr. Re, and other voters like him.

11.

ORS 238.505 discriminates between people of different employment statuses and occupations by giving special rights to public employees and members of the PERS system that are not given to private employees and non-PERS members.  If you work for the government you are given the option of electing someone that shares your membership status as a beneficiary of the system, if your occupation is not with the government then your choices are limited to electing those who will be a PERS members if they ever have to decide a PERS issue, and cannot be disqualified from ruling on PERS matters.  Less restrictive and less burdensome alternatives are available such as an independent system of retirement benefits just for elected Judges that would not burden Plaintiff's rights.

Page 6 – FIRST AMENDED COMPLAINT

## FIRST CLAIM FOR RELIEF

Against All Defendants

(42 U.S.C. § 1983, Deprivation of Civil Rights)

<u>Count 1 – Equal Protection</u>

12.

Plaintiff hereby re-alleges and incorporates by reference all of the allegations in paragraphs 1 through 11 above as if fully set forth herein.

13.

Plaintiff has been denied equal protection of the laws by being denied the voting privileges given to PERS members, and had his right to free speech and free association infringed by operation of ORS 238.505.

14.

Article VII, Section 1 of the Oregon Constitution establishes that Judges in Oregon are to be elected by the legal voters of Oregon. However, ORS 238.505 forces all judges, upon being elected, to become members of, and financial beneficiaries of, the PERS system. ORS 238.505 deprives Plaintiff the ability to elect someone who will not become a PERS member. ORS 238.505 thereby closes the field of candidates that may be elected and serve as judge to those who will be PERS members and effects his right to vote. Plaintiff does not have the option or ability to nominate, elect and present a case to an elected non-PERS member Judge. Plaintiff, and those similarly situated, are deprived of the ability to cast a meaningful ballot vote for Judge races. Plaintiff's right to vote is severely burdened by this limitation and prohibition on a non-PERS member being elected Judge. His option to vote for judges is thereby limited, and is completely eliminated with respect to potentially having a non-PERS member judge on the

ballot.  ORS 238.505 is not supported by any compelling government interest, it is not narrowly tailored, and favors PERS members over non-PERS members in whom can be elected to serve as a Judge.  Plaintiff cannot participate in elections in the same basis as other citizens who are PERS members because PERS members are given to option to elect someone who will become a member of their group and non-PERS members cannot.

15.

ORS 238.505 is unconstitutional in all applications in that it does not allow a Judge to be elected and remain a non-PERS member, nor does it allow voters to elect a judicial candidate who will not automatically become a PERS member.  The infringement on Plaintiff's right to vote and elect a non-PERS member judge is particularly burdensome because Judge's may not be disqualified, through the ordinary disqualification process due to their PERS membership or even because of their potentially disqualifying economic interest in PERS. Plaintiff, no matter how politically astute, cannot elect someone he knows will be free from the economic interest, and potential accompanying bias in favor of the financial benefit Judges receive from the PERS system.  This discrimination in determining who may participate in judicial offices and in the selection of public officials undermines the legitimacy of representative government and undermines the appearance of fairness in judicial proceedings relating to PERS matters.

16.

Plaintiff's constitutional rights have been violated by being deprived of the full voting privilege that is given to PERS members.  Plaintiff is entitled to declaratory and injunctive relief ruling that ORS 238.505 is unconstitutional on its face, enjoining further, future, application of ORS 238.505 to newly elected judges, and awarding Plaintiff nominal damages, costs, disbursements and reasonable attorney fees under 42 U.S.C. § 1988.  Plaintiff is entitled to a

permanent injunction any future application of ORS 238.505; a ruling that ORS 238.505 violates Plaintiff's right to vote and to be treated equally as others who are similarly situated with respect to that right to vote for judges.

<u>Count 2 – First Amendment</u>

17.

Plaintiff hereby re-alleges and incorporates by reference all of the allegations in paragraphs 1 through 16 above as if fully set forth herein.

18.

ORS 238.505 deprives Plaintiff of the right to free association by forcing him to associate with and support a future PERS member if he wants to exercise his right to vote for Judge. That compelled choice denies him the right remain free from espousing a position he does not support while at the same time preserving his right to vote for judge when voting in an election. ORS 238.505 deprives Plaintiff the opportunity associate with a candidate of his choice placed on the ballot. Because ORS 238.505 makes it impossible for a judge to be elected whom then does not automatically become a PERS member, Mr. Re, or any other attorney, would be compelled to join the PERS system and become a member in order to exercise his right to serve if he was elected as Judge. ORS 238.505 creates an unavoidable and unnecessary burden on Mr. Re's right to seek elected office or associate with someone he hopes to elect to office, by forcing Plaintiff to accept or espouse a belief he does not agree with, join into a membership he does not choose to be voluntarily associated with or support, and forces Plaintiff to choose between two constitutionally protected rights. Less restrictive alternative means are available for the government to compensate its judges and less restrictive means exist to plan and foster a

Page 9 – FIRST AMENDED COMPLAINT

retirement program that would keep in separate from and independent from that of the PERS system, which is a system that is frequently litigated and very political.

19.

Plaintiff Daniel Re would even like to be able to consider a run for election as a Judge, or even one of the Justices of the Oregon Supreme Court someday, but does not want to associate himself as a PERS member.  Plaintiff does not want to be forced into PERS membership, does not want to be forced to accept PERS benefits, and does not want to be forced into a scenario where he could be forced by operation of law to violate any of the judicial rules laid out in the Oregon Code of Judicial Conduct, such as JR 1-101(A, C, E, F) JR 2-106, JR 3, or JR 4-101(2). However Mr. Re also wants to see judges who are elected that have no financial interest in any of the cases they rule upon.

20.

Plaintiff is entitled to a ruling that ORS 238.505 is unconstitutional, enjoining its application, nominal damages, and awarding Plaintiff reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

Against All Defendants

(Violation of Article 1 Section 20 of the Oregon Constitution)

21.

Plaintiff hereby re-alleges and incorporates by reference all of the allegations in paragraphs 1 through 20 above as if fully set forth herein.

22.

Page 10 – FIRST AMENDED COMPLAINT

Plaintiff has been denied the right to an equal opportunity to vote and to have someone from his non-PERS membership classification elected and serve as a judge of the state of Oregon.  ORS 238.505 treats non-PERS members differently than other voters who are PERS members, with respect to the vote(s) for judges and denies them an opportunity to vote for someone who will not be in this special class of PERS members.  PERS members are given the special privileges of having a guarantee that all judges will share a beneficial financial interest in the PERS system, and of being able to vote for someone who will share their same class membership.

23.

Plaintiff is entitled to a ruling that ORS 238.505 is unconstitutional, nominal damages, enjoining its future application to newly elected judges, and awarding Plaintiff reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

**PLAINTIFF'S THIRD CLAIM FOR RELIEF**

Against All Defendants

*Declaratory Judgment - 28 U.S.C. §2201*

<u>Count 1 – Equal Protection</u>

(Fourteenth Amendment, Equal Protection of the Right to Vote)

24.

Plaintiff re-alleges and incorporates by reference that allegations contained in paragraphs 1 through 23 above as is full set forth herein.

25.

Plaintiff is entitled to a declaratory ruling on the constitutional validity of ORS 238.505, and if and when found in violation of the Constitutional rights of Plaintiff as alleged above,

Page 11 – FIRST AMENDED COMPLAINT

Plaintiff is entitled to permanent injunctive relief against further, future, application of ORS 238.505, costs disbursements and reasonably attorney fees pursuant to 42 U.S.C. § 1983 through 28 U.S.C. § 2202.

Count 2 – First Amendment

(Violation of the First Amendment of the United States Constitution – Right to Free Speech and Free Association)

26.

Plaintiff re-alleges and incorporates by reference that allegations contained in paragraphs 1 through 25 above as is full set forth herein.

27.

Plaintiff is entitled to a declaratory ruling on the constitutional validity of ORS 238.505, and if and when found in violation of the Constitutional rights of Plaintiff as alleged above, Plaintiff is entitled to permanent injunctive relief against further, future, application of ORS 238.505 to any newly elected judges, costs disbursements and reasonable attorney fees pursuant to 28 U.S.C. § 1983 through 28 U.S.C. § 2202.

**Prayer for Relief**

**WHEREFORE**, Plaintiff seeks a judgment and award in favor of Plaintiff as follows:

On the First Claim for Relief, counts one and two:

    a. A judgement declaring ORS 238.505 unconstitutional;

    b. A permanent injunction on future operation of ORS 238.505 to future newly elected judges;

    c. Nominal damages;

    d. An award of reasonable attorney fees, costs and disbursements; and

    c.  For any such other relief the Court deems just and equitable.

On the Second Claim for Relief:

    a.  A judgement declaring ORS 238.505 unconstitutional;

    b.  A permanent injunction on future operation of ORS 238.505 to future newly elected judges;

    e.  Nominal damages;

    f.  An award of reasonable attorney fees, costs and disbursements; and

    c.  For any such other relief the Court deems just and equitable.

On the Third Claim for Relief counts one and two:

    a.  Declaratory relief declaring ORS 238.505 unconstitutional and permanently enjoining application to any future newly elected judges;

    b.  Costs, disbursements and reasonable attorney fees under 42 U.S.C. §1983;

    c.  For any such other relief as this court deems just and equitable.

Dated this 17th day of August, 2015.

        Respectfully submitted,

                s/*Tyler Smith*
                Tyler Smith, OSB# 075287
                Tyler Smith & Associates P.C.
                181 N Grant St. STE 212
                Canby, OR 97013
                Tyler@RuralBusinessAttorneys.com
                503-266-5590 (p); 503-212-6392(f)
                Of attorneys for Plaintiff

**VERIFICATION**

I Daniel Re, being over the age of 18, a resident of the State of Oregon, and the Plaintiff in the above captioned Complaint, do hereby certify under penalty of perjury that:

1. I have read the contents of the First Amended Complaint herein (Verified Complaint) and verify that the statements made therein are true to the best of my knowledge, information and belief.
2. I certify that the foregoing statements of fact made by me in the Complaint are true to the best of my knowledge and personal information and I am aware that if any of the foregoing statement made by me are willfully false, I am subject to the penalty for perjury.

Dated: _____8/13/15_____

                            s/Daniel Re_____

                            Daniel Re