UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DANIEL RE,

Plaintiff,

v.

STATE OF OREGON; Governor KATE BROWN; Oregon Judicial Department, by and through KINGSLEY W. CLICK, as State Court Administrator,

Defendants.

6:15-CV-1097-TC

FINDINGS and RECOMMENDATION

COFFIN, Magistrate Judge:

INTRODUCTION

Plaintiff brings this action pursuant to 42 U.S.C. §1983. He complains, in essence, that his voting rights are affected by the fact that elected state court judges are generally made members of Oregon's Public Employee Retirement System pursuant to an Oregon statute.

Presently before the court is defendants' motion to dismiss brought pursuant to Fed. Rules of Civ. P. 12(b)1 and 12(b) 6.

STANDARDS

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted. " Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

The standards for a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) are similar, except that, where the moving party disputes the factual allegations in the complaint with evidence, "no presumptive truthfulness attaches to a plaintiff's allegations. . .. In resolving such a motion, a district court may hear evidence regarding jurisdiction and resolve factual disputes where necessary." Pistor v. Garcia, 791 F.3d 1104, 1111 (9th Cir. 2015) (quoting Robinson v. United States, 586 F.3d 683, 685 (9th Cir.2009)).

FACTUAL BACKGROUND

Oregon maintains its Public Employee Retirement System (PERS) in order to provide retirement benefits to public employees. One group of state employees that is entitled to benefits under PERS consists of elected and appointed state court judges. ORS 238.505 provides that judges, whether they are appointed or elected, generally "shall become a judge member [of PERS] on the date the person takes the office." ORS 238.505.

Plaintiff is a voter and an Oregon attorney who practice estate planning. As discussed in more detail below and in subsequent sections, plaintiff objects to the fact that state court judges are members of PERS and that some judges periodically hear cases regarding PERS under the Rule of Necessity.[1] Plaintiff stated at oral argument and in his briefs that the Rule of Necessity is not being attacked or litigated through this case. P. 2 of Response to Motion to Dismiss (#16)]

However, plaintiff argues that the generally required membership in PERS pursuant to ORS 238.505 eliminates the possibility of having a judge who is not a non-PERS member and that it is not an option to vote for someone who will not be a PERS member. Plaintiff states that "his choice of candidates for judge is completely closed off to anyone other than PERS members." P. 14 of Response to Motion to Dismiss (#16). He seeks injunctive relief to bar future elected judges from automatically being a PERS members. P. 6 of Response to Motion to Dismiss (#16).

As discussed in further detail in the next section, defendants seek to dismiss all of plaintiff's claims for various reasons. Plaintiff has conceded that dismissal is appropriate for many of the

---

[1]The Rule of Necessity is a well established judicial rule, which allows a judge to decide a case, despite a financial interest in the outcome, when all the judges with jurisdiction to decide the claim would suffer from the same potentially disqualifying financial interest. See Woodward v. Pearson, 165 Or. 40, 58 (1940) (invoking Rule of Necessity to decide case involving taxation, although each judge was a taxpayer with a potential financial interest).

claims but that others survive the motion to dismiss.

DISCUSSION

Plaintiff Does Not Dispute That The Eleventh Amendment Bars Several Claims

Plaintiff concedes that, pursuant to the Eleventh Amendent, his claim for nominal damages should be stricken. Plaintiff does not dispute that the Eleventh Amendment bars his claim against defendant State of Oregon. Plaintiff also states that he "does not ask for retroactive relief in any way." P. 4 of Pl. Response (#16). [2]

Judges and Judicial Candidates – Plaintiff Does Not Dispute that there is a Lack of Jurisdiction to Consider the Alleged Violations of Rights of Judges or Judicial Candidates

In response to defendants' arguments that the court lacks jurisdiction to consider alleged violations of the rights of judges or judicial candidates, plaintiff states that "neither of those two groups, those injuries, or those theories constitute plaintiff's claims." P. 3 of Pl. Response (#16).

Attorneys and Litigants – Plaintiff Does Not Dispute that there is a Lack of Standing to Assert the Interests of Litigants and Attorneys in Being Able to Present PERS Cases to Judges Who are not Members of PERS and Such Claims are Not Ripe

Plaintiff also denies that rights of attorneys or litigants are at issue in this action. Id. As such, no relief can be granted based on the alleged violations of the rights of litigants or attorneys.

---

[2]Plaintiff also concedes that his claim under Article I, section 20 of the Oregon Constitution should be stricken or dismissed. P.p. 1-2 of Pl. Response (#16) .

This Court Lacks Jurisdiction for the Remaining Claims Because Plaintiff Lacks Standing and His Claims are Not Ripe

With respect to the remaining claims, related to the alleged impacts to plaintiff's rights as a voter, plaintiff fails to adequately establish that he has standing or that the claims are ripe.

Because plaintiff has not alleged that ORS 238.505 precludes him from voting for or otherwise supporting the candidate of his choice in a judicial election, or that it causes his votes for judicial candidates to be counted differently than those of similarly situated voters, he has failed to establish, as he contends, "a violation to his own constitutional rights and an infringement on his own right to vote, and right to free association, and right to equal protection." See p. 6 of Pl. Response (#16). Insofar as plaintiff alleges that the enforcement of ORS 238.505 confines him to supporting judicial candidates who might face personal bias in PERS-related matters, any injury in fact he alleges affects only the rights of other parties—judges who will confront the alleged conflict and attorneys and litigants whose rights will be adjudicated before them—parties whose interests the State and plaintiff agree he cannot assert for purposes of establishing his standing here. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 563 (quoting Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972)) (establishing that Article III standing "requires that the party seeking review be himself among the injured"). And insofar as plaintiff alleges any difference in treatment between non-PERS voters (i.e., voters who are not enrolled in PERS) and PERS voters, he alleges only that PERS voters are better positioned to benefit from the conflict of interest that he speculates ORS 238.505 could create in the future if the judicial candidate is elected and if she happens to be assigned a PERS case. This allegation of future equal protection violations ultimately asserts injury in fact to the rights of litigants and attorneys in PERS-related cases—rights on which plaintiff concedes he cannot establish

standing.

Even if plaintiff could satisfy the constitutional requirements of standing, the doctrine of prudential standing counsels strongly against adjudicating his claims. Prudential standing concerns "whether the injury alleged is more than a 'mere generalized grievance' [and] whether the plaintiff is asserting her own rights or the rights of third parties." See Alaska Right to Life Political Action Comm'n v. Feldman, 504 F.3d 840, 848-49 (9th Cir. 2007); see also Stroh, 205 F.3d at 1153 ("It is, of course, well settled that a party with a generalized grievance about government conduct lacks standing to sue."). Taken together, plaintiff's allegations essentially amount to a generalized grievance against "the structural bias of all state judges." See Jou v. Hawaii Judicial Selection Comm'n, No. CIV 06-00151 SOM/KSC, 2006 WL 2640262, at *1 (D. Haw. Sept. 12, 2006) aff'd, 286 F. App'x. 377 (9th Cir. 2008) (holding that alleged structural bias was not sufficient to support standing in challenge to judicial selection process). A generalized grievance does not satisfy the requirements for prudential standing.

Plaintiff also fails to establish both constitutional and prudential ripeness. See Alaska Right to Life Political Action Comm'n v. Feldman, 504 F.3d at 849 (ripeness "has both constitutional and prudential components."). The prudential component of ripeness requires that plaintiff establish (1) "the fitness of the issues for judicial review" and (2) "the hardship to the parties of withholding court consideration." Id. Plaintiff's allegations are not fit for review, because he has not presented "a concrete factual situation" demonstrating how ORS 238.505 has curtailed his rights. Id. (quoting San Diego Cnty. Gun Rights Comm'n v. Reno, 98 F.3d 1121, 1132 (9th Cir. 1996)). He has not alleged that ORS 238.505 has precluded him or will imminently preclude him from participating in any election for judicial office or from voting for the candidate of his choice. Rather, plaintiff's alleged

injury turns on his speculative assertion that a candidate he supports may, by virtue of compulsory post-election PERS membership, exhibit bias in future decision making in hypothetical future PERS cases. See Pl. Resp. at 15 (#16) (alleging that ORS 238.505 requires "non-PERS voters . . . [to] vote for persons who would be biased against them in [PERS lawsuits]") (emphasis added). But plaintiff does not allege the existence of a current or sufficiently concrete future PERS litigation that would be before a judge for whom plaintiff is an elector. Any injury in fact arising from plaintiff's allegations "is speculative and may never occur." See Wolfson ,616 F.3d 1045, 1057 (9th Cir. 2010) (quoting Portman v. Cnty. of Santa Clara, 995 F.2d 898, 902 (9th Cir. 1993)). Nor has plaintiff shown that hardship will result to him as a result of withholding judicial disposition of his claims until a concrete factual situation develops. See Wolfson, 616 F.3d at 1060 (citing Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967)). Accordingly, he fails to establish prudential ripeness.

Plaintiff's allegations are also constitutionally unripe. The constitutional aspect of ripeness largely coincides with standing's injury-in-fact requirement. Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (confirming that in many cases constitutional "ripeness coincides squarely with standing's injury in fact prong"). As such, for the same reasons that plaintiff has failed to establish injury in fact, he has failed to establish constitutional ripeness. In particular, plaintiff's allegations do not establish that "injury [is] certainly impending" and offer only "allegations of possible future injury [that] are not sufficient." Coons v. Lew, 762 F.3d 891, 897 (9th Cir. 2014) (emphasis in original) (quoting Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013)), as amended (Sept. 2, 2014) cert. den, 135 S. Ct. 1699 (2015).

Plaintiff essentially contends that enrolling appointed and elected judges in PERS automatically puts them in a class whose members share a common ideology (such as the NRA, the Green Party,

or a religious organization ) . See P. 1 of Transcript of Oral Argument on January 14, 2016.[3]

I cannot agree. At bottom, PERS is simply a form of compensation for public employees. While plaintiff may have a particular objection to PERS, such is indistinguishable from a hypothetical voter who objects to the amount of compensation or to even any compensation to state judges. That the Rule of Necessity would result in a salaried judge ruling on a potential plaintiff's challenge to judicial compensation does not violate the voting rights of someone who advocates against judicial salaries. Put differently, that judges are compensated for the performance of their duties by the state does not pigeonhole them into any ideological party or political class, any more than any other category of state employees.

CONCLUSION

Defendants's motion (#12 ) to dismiss should be allowed and this action should be dismissed.

DATED this 19th day of ~~January~~ February, 2016.

THOMAS M. COFFIN
United States Magistrate Judge

---

[3] Plaintiff's counsel: "I don't think there would be any argument in this courtroom that the Constitution would not stand for a judge that's being elected being automatically enrolled in the NRA or automatically made a member of the Green Party or automatically you are now a Catholic once you become elected." P. 1 of Transcript of Oral Argument.on January 14, 2016.