IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DANIEL RE,                                                                 6:15-cv-01097-TC

                                                                                             O R D E R

        Plaintiff,

        v.

STATE OF OREGON; Governor KATE
BROWN; Oregon Judicial Department, by
and through KINGSLEY W. CLICK, as
State Court Administrator,

        Defendants.

_____

Tyler Smith
Tyler Smith & Associates P.C.
181 N. Grant Street, Suite 212
Canby, Oregon 97013
        Attorney for plaintiff

Sarah Weston
Assistant Attorney General
Oregon Department of Justice
1515 S.W. Fifth Avenue, Suite 410
Portland, Oregon 97201
        Attorney for defendants

Page 1 - ORDER

AIKEN, Judge:

Magistrate Judge Coffin filed his Findings and Recommendation ("F&R") for this case on February 19, 2016. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(3). When a party objects to any portion of a magistrate judge's F&R, the district court must review that portion of the F&R *de novo*. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Machs.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiff Daniel Re sued defendants the State of Oregon, Governor Kate Brown, and the Oregon Judicial Department, by and through State Court Administrator Kingsley W. Click, asserting Or. Rev. Stat. § 238.505 is unconstitutional because it denies him equal protection of his right to vote and violates his right to freedom of association. Or. Rev. Stat. § 238.505 requires elected judges to enroll in the Public Employee Retirement System ("PERS"). Plaintiff would prefer to elect a judge who will not become a PERS member. Because section 238.505 eliminates the possibility of voting for such a candidate, plaintiff avers it infringes his right to vote for his candidate of choice. Plaintiff further contends the statute infringes his freedom of association by forcing him to associate with PERS in order to exercise his right to vote. Defendants moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim. Judge Coffin found plaintiff lacked standing and his claims were unripe. Therefore, Judge Coffin recommended granting defendants' motion and dismissing plaintiff's First Amended Complaint. Plaintiff filed Objections to Magistrate F&R (doc. 22), and defendants filed a Response (doc. 23).

Plaintiff challenges Judge Coffin's conclusions regarding standing and ripeness. After a *de novo* review, I agree with Judge Coffin. In particular, I conclude plaintiff lacks prudential standing to challenge section 238.505. To determine whether a plaintiff has prudential standing, the court

Page 2 - ORDER

considers "whether the alleged injury is more than a 'mere generalized grievance,' whether the plaintiff is asserting [his] own rights or the rights of third parties, and whether the claim 'falls within the zone of interests to be protected or regulated by the constitutional guarantee in question.'" *Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 848-49 (9th Cir. 2007) (quoting *Johnson v. Stuart*, 702 F.2d 193, 196 (9th Cir. 1983)). The prudential ripeness inquiry considers "the fitness of the issues for judicial review and the hardship to the parties of withholding court consideration." *Id.* at 849 (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1141 (9th Cir. 1999)). Plaintiff's objections to Or. Rev. Stat. § 238.505 are generalized grievances unfit for judicial review. The appropriate forum for plaintiff's objections is the Oregon State Legislature, where plaintiff may advocate for amending or repealing Or. Rev. Stat. § 238.505.

I ADOPT Judge Coffin's F&R (doc. 20). Plaintiff's First Amended Complaint (doc. 10) is DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated this 17th day of April 2016.

Ann Aiken
United States District Judge